UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, ADDITIONAL SECURITY BENEFIT FUND, VACATION & HOLIDAY FUND, TRADE EDUCATION FUND, 401(K) SAVINGS PLAN, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>                                                  Plaintiffs,<br><br>           -against-<br><br>J. & A. CONTRACTORS CORP, and VITO LABARBERA, in his individual capacity,<br><br>                                                  Defendants. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to, *inter alia*, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to recover delinquent employer contributions to a group of employee benefit plans, to recover delinquent contributions pursuant to a payment bond, to enforce an employer's contractual and statutory obligations to make specified monetary contributions to such plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4.      Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Funds maintain their principal place of business at 50 – 02 Fifth Street, Long Island City, New York 11101.

5.      Plaintiff Plumbers Local Union No. 1 Welfare Fund (the "Welfare Fund") is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City.  The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  The Union represents, and all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §§ 142.

6.      Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund (the "NPF") are employer and employee trustees of a multiemployer employee pension benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37).  The NPF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.  The NPF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

7. Plaintiff Trustees of the International Training Fund (the "ITF") are employee and employer trustees of a multiemployer employee welfare benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37).  The ITF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.  The ITF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

8. Defendant J. & A. Contractors Corp. ("J&A") was and is a for-profit company organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Upon information and belief, J&A maintains a principal place of business at 142 2nd Street, Brooklyn, New York 11231.

9. Defendant Vito LaBarbera ("LaBarbera," together with J&A, "Defendants") is the principal of J&A, was and is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. § 1002(5) and 1154, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Upon information and belief, LaBarbera maintains a principal place of business at 142 2nd Street, Brooklyn, New York 11231.

## BACKGROUND

**The Collective Bargaining Agreement**

10. At all relevant times, J&A was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement, project labor agreement and/or participation agreement with the Union (the "CBA").

11. The CBA requires J&A to make specified hourly contributions to the Funds in connection with all plumbing work and other specified wok performed on behalf of J&A within the five boroughs of the City of New York ("Covered Work").

12. The CBA also requires J&A to remit other specified amounts, including union dues withheld from its employees' pay in connection with Covered Work, to the Welfare Fund, as collection agent for the Union and other specified entities.

13. The CBA further requires J&A to furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit to ensure compliance with required benefit fund contributions.

14. The CBA provides, *inter alia*, "[t]he Employer agrees to be bound by the provisions of the Trust Agreements pertaining to the Pension (including the Plumbers and Pipefitters National Pension Fund), Plumbers Local Union No. 1 Welfare, Plumbers Local Union No. 1 vacation-Holiday, Plumbers Local Union No. 1 Supplemental Benefits, Plumbers Local Union No. 1 Trade Education, Plumbers Local Union No. 1 401(k) Savings Plan [funds]" (the "Trust Agreements").

15. The Trust Agreements permit the Funds to establish policies, rules and procedures for the purpose of collecting unpaid contributions to the Funds. Pursuant thereto, the Funds adopted Policies for the Collection of Delinquent Fringe Benefit Contributions ("Collection Policies").

16. The CBA and the Collection Policies adopted thereunder, require J&A to submit monthly remittance reports to the Funds detailing the number of hours of Covered Work performed by its employees.

17. Per the CBA and the Local 1 Fund Collection Policy, employers are required to submit contributions and the supporting remittance reports by the twentieth (20th) day following the end of each calendar month.

18. Similarly, per the 401(k) Savings Plan Collection Policy, employers are required to remit 401(k) Salary Deferrals and the supporting remittance report within seven (7) business days after the end of the payroll period from which the amounts were deducted from the wages of the employee.

19. Under the documents and instruments governing the Local 1 Funds, including their trust agreements and collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of ten percent (10%), liquidated damages of twenty percent (20%) of the principal amount due, and attorneys' fees, audit fees, and other collection costs.

20. Under the documents and instruments governing the 401(k) Savings Plan, including their trust agreement and collection policies promulgated in accordance therewith, employers whose deferrals are delinquent are liable for the amount of the delinquency, plus interest at the rate of ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the delinquency, and the greater of (a) lost earnings; or (b) restoration of profits, as defined by the Voluntary Fiduciary Correction Program ("VFCP") of the U.S. Department of Labor ("DOL"), 65 Fed. Reg. 14164 (March 15, 2000), which in no event shall be less than the underpayment rate defined in I.R.C. section 6621(a)(2), and which shall be determined by application of the DOL VFCP Online Calculator, and attorneys' fees and costs.

21. Under the documents and instruments governing the NPF, including their trust agreements and the collection policies promulgate in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of twelve percent (12%), liquidated damages of ten percent (10%) of the principal amount due, and attorneys' fees, audits fees and other collection costs.

22. Under the documents and instruments governing the ITF, including their trust agreements and the collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions interest thereon at an annual rate of twelve percent (12%), liquidated damages of twenty percent (20%) of the principal amount due, and attorneys' fees audit fees and other collection costs.

**Local 1 Fund Delinquencies**

**Delinquent Reports and Contributions**

23. Based on remittance reports submitted by J&A to the Funds, J&A failed to remit contributions of $36,902.91 to the Local 1 Funds for Covered Work performed during the period January 1, 2019 through November 30, 2019.

**2015 Audit**

24. Pursuant to the CBA, the Local 1 Funds conducted an audit of J&A covering the period January 1, 2015 through December 31, 2015 (the "2015 Audit").

25. The 2015 Audit revealed that J&A failed to make required contributions to the Local 1 Funds in the principal amount of $2,772.78 for the period January 1, 2015 through December 31, 2015.

26. J&A also owes the Funds $473.57 in interest pursuant to the 2015 Audit.

27. Despite due demand for payment, J&A has failed to pay any portion of the 2015 Audit.

**401(k) Salary Deferrals**

28.     Based on remittance reports submitted by J&A to the Funds, J&A failed to remit 401(k) Salary Deferrals to the 401(k) Savings Plan in the amount of $6,583.09 in connection with Covered Work performed by J&A employees for the period March 11, 2019 through November 11, 2019.

29.     Additionally, J&A failed to submit remittance reports to the 401(k) Savings Plan for the period November 18, 2019 through February 17, 2020.  Therefore, J&A owes 401(k) Salary in the estimated amount of $2,291.52 for the period November 18, 2019 through February 17, 2020.

**NPF/ITF Delinquencies**

**Delinquent Reports and Contributions**

30.     Based upon remittance reports submitted by J&A to the Funds, J&A failed to remit contributions of $6,363.84 to the NPF and contributions of $97.16 to the ITF for Covered Work performed during the period April 2019 through November 2019.

31.     Pursuant to the CBA, the documents and instruments governing the Funds and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Section 302 of the LMRA, 29 U.S.C. § 185, J&A is liable: (1) to the Local 1 Funds for: (a) contributions of $36,902.91 for the period January 1, 2019 through November 30, 2019, (b) contributions of $2,772.78 pursuant to the 2015 Audit, (c) interest on the unpaid contributions at an annual rate of ten percent (10%), and (d) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (2) to the 401(k) Savings Plan (a) 401(k) Salary Deferrals of $6,583.09 for the period March 11, 2019 through November 11, 2019; (b) estimated 401(k) Salary Deferrals of at least $2,291.52 for the period November 18, 2019 through February 17, 2020; (c) interest on the unpaid contributions at an annual rate of ten percent (10%); (d)

liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing, and (e) the greater of lost earnings or restoration of profits; (3) to the NPF for: (a) contributions of $6,363.84 for the period April through November 2019; (b) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (c) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing; and (4) to the ITF for: (a) contributions of $97.16 for the period April through November 2019; (b) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (c) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing; (5) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and (6) to the Funds for all reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs.

## THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST J&A
*Unpaid Contributions Under 29 U.S.C. § 1145*

32.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall…make such contributions in accordance with the terms and conditions of such plan or such agreement."

34.     The CBA requires that J&A make contributions to Plaintiffs for all Covered Work it performs within the trade and geographical jurisdiction of the Union.

35.     Based on remittance reports submitted to the Funds by J&A, J&A owes: (1) the Local 1 Funds, (a) contributions of $36,902.91 for the period January 1, 2019 through November

30, 2019; (2) the NPF contributions of $6,363.84 for April through November 2019; and (3) the ITF contributions of $97.16 for April through November 2019.

36.     As per the 2015 Audit, J&A owes the Local 1 Funds contributions in the amount of $2,772.78 and interest thereon of $473.57.

37.     J&A failed to remit 401(k) Salary Deferrals to the 401(k) Savings Plan for the period March 11, 2019 through November 11, 2019 in the amount of $6,583.09.

38.     Similarly, J&A failed to report 401(k) Salary Deferrals to the 401(k) Savings Plan for the period November 18, 2019 thorough February 17, 2020, and therefore owes 401(k) Salary Deferrals for said period in the estimated amount of $2,291.52.

39.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

40.     By its failure to contribute the reported and estimated contributions described *supra*, J&A contravened the CBA, the documents and instruments governing the Funds, and section 515 of ERISA, 29 U.S.C. § 1145.

41.     Accordingly pursuant to the CBA, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C.§ 1132(a)(3), (g)(2), and 29 U.S.C. § 1145, J&A is liable: (1) to the Local 1 Funds for, (a) contributions of $36,902.91 for period January 1, 2019 through November 30, 2019, (b) contributions of $2,772.78 pursuant to the 2015 Audit, (c) interest on the unpaid contributions at an annual rate of ten percent (10%), and (d) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (2) to the 401(k) Savings Plan (a) 401(k) Salary Deferrals of $6,583.09 for the period March 11, 2019 through November 11, 2019,

(b) estimated 401(k) Salary Deferrals of $2,291.52 for the period November 18, 2019 through February 17, 2020, (c) interest thereon at the rate of ten percent (10%) per annum, (d) liquidated damages of twenty percent (20%) of the principal amount due, and (e) the greater of lost earnings or restoration of profits; (3) to the NPF for (a) contributions of $6,363.84 for the period April through November 2019, (b) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (c) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing; and (4) to the ITF for (a) contributions of $97.16 for the period April through November 2019, (b) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (c) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing; (5) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and (6) to the Funds for all reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs.

### THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST J&A
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

42. Plaintiffs repeat the allegations set forth in all preceding paragraphs hereof and incorporate them herein by reference.

43. Section 301 of the LMRA, 29 U.S.C.§ 185, authorizes the Union and the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

44. J&A violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work for the periods January 1, 2015 through December 31, 2015 and January 1, 2019 through November 30, 2019.

45. J&A also violated the terms of the CBA by failing to remit 401(k) Salary Deferrals for the periods March 11, 2019 through November 11, 2019 and November 18, 2019 through February 17, 2020.

46. As a result of J&A's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

### THE FUNDS' THIRD CLAIM FOR RELIEF AGAINST LABARBERA
*Breach of Fiduciary Duty Under 29 U.S.C. § 1109(a)*

47. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. The Trust Agreements of the Funds provide that the Funds' assets include not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to the CBA.

49. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary authority or discretionary control respecting the management or disposition of its assets.

50. At all relevant times, LaBarbera was the principal of J&A, and exercised operational control of J&A, including discretionary authority and discretionary control of bank accounts and other assets in the possession of J&A.

51. At all relevant times, LaBarbera was directly responsible for the failure of J&A to pay benefit contributions to the Funds.

52. LaBarbera was responsible for deciding whether to use assets in the possession of J&A to pay contributions to the Funds. LaBarbera decided not to use such assets to pay contributions to the Funds.

53. LaBarbera exercised control and/or discretionary authority over of the disposition of the Funds' plan assets by causing J&A to fail to make contributions to the Funds in accordance with the CBA. At all times when J&A owed contributions to the Funds, LaBarbera caused J&A to use assets in its possession for purposes other than making contributions to the Funds.

54. Accordingly, at all relevant times, LaBarbera was a fiduciary of the Funds within the meaning of section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i),

55. At all relevant times, LaBarbera was a party in interest with respect to the Funds, within the meaning of section 3(14)(A), (C), (E), (F), and/or (H) of ERISA, 29 U.S.C. § 1002(14)(A), (C), (E), (F), and/or (H).

56. At all relevant times, J&A was a party in interest with respect to the Funds, within the meaning of section 3(14)(C) and/or (G) of ERISA, 29 U.S.C. 1002(14)(C) and (G).

57. By the foregoing acts and omissions, LaBarbera failed to discharge his duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and for the exclusive purpose of providing benefits to the Funds' participants and their beneficiaries and defraying reasonable expenses of administering the Funds, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

58. By the foregoing acts and omissions, LaBarbera failed to discharge his duties with respect to the Funds with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of like character and with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

59. By the foregoing acts and omissions, LaBarbera caused assets of the Funds to be used by or for the benefit of a party in interest, in violation of section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

60. By the foregoing acts and omissions, LaBarbera caused the Funds to suffer substantial monetary losses.

61. Under section 409(a) of ERISA, 29 U.S.C. § 1109(a), LaBarbera is personally liable to the Funds for all such losses, plus all profits LaBarbera has made and/or all earnings the Funds have lost as a result of such acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Render judgment in favor of Plaintiffs against Defendants J&A and LaBarbera, jointly and severally for:

    a. Defendants failure to timely remit contributions required by the CBA for the periods January 1, 2015 through December 31, 2015 and January 1, 2019 through November 30, 2019;

    b. Defendants for failure to timely remit 401(k) Salary Deferrals of $6,583.09 that it was required to withhold from its employees' pay in connection with Covered Work performed from March 11, 2019 through November 11, 2019.

    c. Defendants failure to timely remit 401(k) Salary Deferrals in the estimated amount of $2,291.52 that they were required to withhold from their employees' pay in connection with Covered Work performed from November 18, 2019 through February 17, 2020.

2. Order J&A and LaBarbera to pay to Plaintiff Local 1 Funds: (1) delinquent contributions of $36,902.91 for the period January 1, 2019 through November 30, 2019, (2) contributions of $2,772.78 for the period January 1, 2015 through December 31, 2015 pursuant to

the 2015 Audit; (3) interest on the unpaid contributions at an annual rate of ten percent (10%); and (4) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing;

      3.      Order J&A and LaBarbera to pay to Plaintiff NPF: (1) delinquent contributions of $6,363.84 for the period April through November 2019; (2) interest on the unpaid contributions at an annual rate of twelve percent (12%); and (3) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing;

      4.      Order J&A and LaBarbera to pay Plaintiff ITF: (1) delinquent contributions of $97.16 for the period April through November 2019; (2) interest on the unpaid contributions at an annual rate of twelve percent (12%); and (3) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing;

      5.      Order J&A and LaBarbera to pay Plaintiff 401(k) Savings Plan: (1) delinquent 401(k) Salary Deferrals of $6,583.09 for the period March 11, 2019 through November 11, 2019; (2) estimated 401(k) Salary Deferrals of $2,291.52 for the period November 18, 2019 through February 17, 2020; (3) interest thereon at the rate of ten percent (10%) per annum; (4) liquidated damages thereon of twenty percent (20%); and (5) the greater of lost earnings or restoration of profits;

      6.      Order J&A and LaBarbera to pay Plaintiffs: (1) reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs in this action; (2) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and (3) such other legal or equitable relief as the Court deems appropriate; and

      7.      Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York　　　Respectfully submitted,
　　　　March 4, 2020

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
　　Charles R. Virginia
　　Adrianna R. Grancio
　　40 Broad Street, 7th Floor
　　New York, NY 10004
　　(212) 943-9080
　　agrancio@vandallp.com
　　*Attorneys for Plaintiffs*