UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 :  20-CV-1189 (ARR)
WELFARE FUND, ADDITIONAL SECURITY BENEFIT :
FUND, VACATION & HOLIDAY FUND, TRADE :  NOT FOR ELECTRONIC
EDUCATION FUND, AND 401(K) SAVINGS PLAN, :  OR PRINT PUBLICATION
TRUSTEES OF THE PLUMBERS & PIPEFITTERS :
NATIONAL PENSION FUND and TRUSTEES OF THE :  OPINION & ORDER
INTERNATIONAL TRAINING FUND, :
:
         Plaintiffs, :
:
  -against- :
:
J.& A. CONTRACTORS CORP. and VITO LABARBERA,:
in his individual capacity, X

         Defendants.

-------------------------------------------------------------------
ROSS, United States District Judge:

      On March 4, 2020, plaintiffs commenced this ERISA and LMRA action against defendants to recover certain unpaid contributions due to plaintiffs under collective bargaining agreements ("CBA") among the parties. Compl., ECF No. 1. Despite proper service, defendants have failed to answer or otherwise respond to the Complaint. On October 28, 2021 I received a report and recommendation ("R&R") from the Honorable Lois Bloom, United States Magistrate Judge, addressing plaintiffs' motion for default judgment. R&R, ECF No. 30. One group of plaintiffs objected that Judge Bloom incorrectly calculated the contributions owed to them for the periods (1) January 2019 through November 2019, and (2) February 2020 through April 2021 by failing to factor in certain purported evidence submitted by plaintiffs. Pls.' Obj. to R&R ("Pls.' Obj."), ECF No. 32. They request that I rely on this "evidence" to increase the damages granted to them. After *de novo* review, I conclude that Judge Bloom's calculation of damages was correct.

1

Moreover, after reviewing the portions of the R&R to which no party objected, I find no clear error. The R&R is thus adopted in full.

## BACKGROUND

The factual and procedural background in this case is laid out in greater detail in Judge Bloom's R&R. A short summary is below.

### A. Factual Background

Plaintiffs—Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, the 401(k) Savings Plan (the "Local 1 Funds"), Trustees of the Plumbers & Pipefitters National Pension Fund, and Trustees of the International Training Fund (collectively referred to herein as "the Funds")—are employer and employee trustees of multiemployer labor-management trust funds. As relevant here, the Plumbers Local Union No. 1 Welfare Fund is the designated collection agent for Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.

Defendant J. & A. Contractors Corp. ("J&A") is a New York for-profit company with its principal place of business in Brooklyn. Compl. ¶ 8. Defendant Vito LaBarbera is the principal of J&A, and an employer within the meaning of Sections 3(5) and 515 of the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1002(5) and 1154. *Id.* ¶ 9.

According to a then-effective CBA between defendant J&A and the plaintiffs, J&A was required to: (1) make "specified hourly contributions to the Funds in connection with all plumbing work and other specified work performed on behalf of J&A within the five boroughs of the City of New York" ("Covered Work"), (2) submit monthly reports to the Funds detailing the number of hours of Covered Work performed by employees, (3) remit specified amounts, including union dues

withheld from its employees' pay, to the Welfare Fund, and (4) furnish its books and payroll records when requested by the Funds for auditing purposes. Compl. ¶¶ 10–13. J&A was also bound by policies that held employers that were delinquent in their contributions liable for those delinquent contributions, interest on those amounts, liquidated damages as a percentage of the principal amount due, attorneys' fees, audit fees, and other collection costs. Compl. ¶¶ 14–15, 19–22.

Plaintiffs also allege that defendant LaBarbera was and is a fiduciary of J&A and unlawfully diverted and misused J&A's assets for purposes other than remitting contributions to the Funds in violation of his fiduciary duties. *Id.* at ¶¶ 50–61. Plaintiffs allege that LaBarbera is thus personally liable to the Funds for all such loses under section 409(a) of ERISA, 29 U.S.C. § 1109(a). *Id.* at ¶¶ 54, 61.

### B. Procedural History

Plaintiffs filed suit on March 4, 2020 seeking damages due to J&A's alleged failure to make all required benefit contributions to plaintiffs. The Complaint and summons were properly served upon defendants. ECF Nos. 3, 6–9. After defendants failed to answer or otherwise respond to the action, the Clerk of Court entered a default. ECF Nos. 10–11. Plaintiffs' relevant submission is an amended motion for default judgment, filed on June 10, 2021. ECF No. 23.

As relevant to my *de novo* review of the challenged portions of the R&R, plaintiffs' amended motion sought delinquent contributions totaling $36,109.48 for January through November 2019, interest on that amount of $7,205.47, and liquidated damages of $7,221.90; and estimated contributions of $39,680.85 for February 2020 through April 2021, interest totaling $2,496.96, and liquidated damages of $7,936.17. Mem. of Law in Supp. of Pls.' Am. Mot. for Default J. 8, 17–19 ("Pls.' Mem."), ECF No. 28; Saraceni Decl. in Supp. of Pls.' Am. Mot. for Default J. ¶ 18 ("Saraceni Decl."), ECF No. 24.

On June 10, 2021, I referred plaintiffs' motion to the Honorable Lois Bloom, United States Magistrate Judge, for a report and recommendation. On October 28, 2021, Judge Bloom issued her R&R. Judge Bloom recommended that default be entered against defendants on the issue of liability, but recalculated plaintiffs' damages in the above categories based on a lack of documentary support for the total contributions requested for October 2019. R&R 6–9, 13–15. The Local 1 Funds objected to this R&R on November 19, 2021, arguing that Judge Bloom ignored "contributions contained in a *second* remittance report submitted by J&A." Pls.' Obj. 6–8. No further remittance report was submitted by plaintiffs, however; rather, they cite to a separate exhibit (O) they submitted to Judge Bloom, which contains a summary table purportedly supporting additional remittances for October 2019. *Id.* at 6 (citing Saraceni Decl., Ex. O, ECF No. 24-15).

## DISCUSSION

### A. Legal Standard

I may designate a magistrate judge to hear and determine certain motions pending before me and to submit to me proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. *Id.* Upon *de novo* review of those portions of the record to which objections were made, I may affirm or reject the recommendations. *Id.* As part of my *de novo* review, I must "deem[] all the well-pleaded allegations in the pleadings to be admitted," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997), while still "ensur[ing] that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). I must review for clear error the factual or legal conclusions of the magistrate judge as to those portions of the report and

4

recommendation to which no objections are addressed. Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

On a motion for default judgment, I must "ensure[] that there [is] a basis for the damages specified in the default judgment" through either review of documentary evidence and affidavits or a hearing. *Transatlantic Marine Claims Agency*, 109 F.3d at 111. I cannot "just accept [plaintiffs'] statement of the damages" in their complaint. *Id.* (citation omitted); *see also, e.g.*, *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("[T]he allegations in the complaint with respect to the amount of damages are not deemed true."). Rather, plaintiffs bear the burden of proving damages with "reasonable certainty." *Credit Lyonnais*, 183 F.3d at 155 (citation omitted).

Section 502 of ERISA sets forth the damages that are recoverable for an employer's failure to remit contributions as required by Section 515 of ERISA:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan
> (A)    the unpaid contributions,
> (B)    interest on the unpaid contributions,
> (C)    an amount equal to the greater of
>    (i)    interest on the unpaid contributions, or
>    (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

### B. Application

The Local 1 Funds' objection to the R&R focuses on Judge Bloom's omitting from her recommendation $829.78 allegedly documented in a remittance receipt, identified as # 666985. Pls.' Obj. 6–7; *see also* R&R 12–13 & nn.5–6. The Local 1 Funds did not submit remittance receipt

# 666985 along with the other remittance receipts, however. *See* Saraceni Decl., Ex. K. Rather, the only documentation of this receipt and the disputed amount is a table of remittance receipts in a separate exhibit. *Id.* at Ex. O.

The Local 1 Funds argue that the table in Exhibit O should be considered in calculating their damages on the grounds that Fed. R. Civ. P. 72(b) allows me to consider further evidence when reviewing an R&R de novo. Pls.' Obj. 5. But the Local 1 Funds do not proffer new evidence with their objection; they rely solely on evidence previously submitted to Judge Bloom. Their argument is in fact that by submitting this table in Exhibit O they provided a "record" of the missing second October 2019 remittance report. *Id.* at 6.

I must therefore decide whether the evidence already provided to Judge Bloom was in fact a "record" sufficient to support the Local 1 Funds' calculations. As noted above, the Local 1 Funds must establish the damages they are owed with reasonable certainty. The Local 1 Funds argue that they met this burden regarding remittance receipt # 666985 with Exhibit O. While the table in Exhibit O does appear to be a list of remittances, there is nothing in the evidence proffered by the Local 1 Funds that indicates how this table was compiled. Nor do the Local 1 Funds explain why the actual remittance report was not provided. I accordingly find that the Local 1 Funds have not met their burden of proof regarding the additional claimed $829.78 for October 2019, despite having had multiple opportunities to produce sufficient evidence of this amount. Judge Bloom was therefore correct in refusing to factor that amount into her calculation of the remittance owed for October 2019. I accordingly adopt her calculations as follows:

|  | **Principal** | **Interest**[1] | **Liquidated Damages** |
|---|---|---|---|
| **Unpaid Contributions for January through November 2019** | $35,547.73 | $8,745.63 plus $9.74 per day until the entry of judgment | $7,109.47 |
| **Estimated Contributions for February 2020 through April 2021** | $28,505.85 | $3,459.75 plus $7.81 per day from the date until the entry of judgment | $5,701.17 |

Since plaintiffs have raised no other objections, I have reviewed the remainder of the R&R for clear error on the face of the record. Finding no clear error, I adopt the remainder of the R&R in full.

## **CONCLUSION**

For the foregoing reasons, I adopt the R&R in its entirety as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). The Clerk of the Court is directed to enter judgment against defendants in the amounts provided in Judge Bloom's R&R and to close the case.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:      January 5, 2021
            Brooklyn, New York

---

[1] Updated to reflect the date of this order.